■ In the Matter of DENISE DOWNING et al., Respondents, v LOUIS HERNANDEZ, Appellant, et al., Respondents.—In a proceeding, *inter alia,* to invalidate petitions designating Louis Hernandez as a candidate in the Democratic Party prinary election to be held on September 9, 1980 for the public office of Representative to the United States Congress from the 12th Congressional District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 20, 1980, which, *inter alia,* granted the application. Matter remanded to Special Term to make specific findings of fact with respect to its invalidation of appellant's designating petitions, and appeal held in abeyance in the interim. Such findings of fact are to be made with all convenient speed. We cannot discern from the record on appeal the reasons for Special Term's invalidation of appellant's designating petitions. Consequently, we are unable to determine the correctness of that decision. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.

■ In the Matter of LEWIS A. FIDLER et al., Appellants, v EDWARD A. HAYES et al., Respondents.—In a proceeding, *inter alia,* to invalidate a petition designating Edward A. Hayes as a candidate in the Democratic Party primary election to be held on September 9, 1980, for the public office of Representative to the United States Congress from the 16th Congressional District, the appeal is from a judgment of the Supreme Court, Kings County, dated August 19, 1980, which, *inter alia,* dismissed the proceeding. Judgment affirmed, without costs or disbursements. In the absence of any evidence to refute subscribing witness Jeannie Hayes' claim that she lived in the 16th Congressional District, Special Term acted properly in dismissing the proceeding to invalidate the designating petition. Mollen, P. J., Damiani, Mangano, Gulotta and Weinstein, JJ., concur.